# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IRANIAN AMERICAN COUNCIL<br>1629 K St NW, Suite 503<br>Washington, DC 20006<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br>500 Twelfth Street SW<br>Washington, DC 20536<br><br>*Defendant.* | Civil Action No.: 1:25-cv-3928<br><br>**COMPLAINT: VIOLATION OF THE FREEDOM OF INFORMATION ACT (FOIA)** |

## INTRODUCTION

Plaintiff, NATIONAL IRANIAN AMERICAN COUNCIL ("NIAC" or "Plaintiff") alleges as follows:

1. This is an action under the Freedom of Information Act, 5. U.S.C. § 552 *et. seq.* ("FOIA"), to obtain an order for the production of agency records from the U.S. Immigration and Customs Enforcement ("ICE" or "Defendant") in response to a request properly made by Plaintiff regarding the agency's detention and removal of Iranian nationals.

## JURISDICTION & VENUE

2. This court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

3. This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202, and Federal Rules of Civil Procedure 57 and 65.

4. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5. Plaintiff NIAC is a 501(c)(3) non-governmental organization headquartered in Washington D.C. NIAC is a nonpartisan, nonprofit organization founded in 2002 to give a voice to the Iranian-American community.

6. Defendant ICE is an agency within the meaning of FOIA. *See* 5 U.S.C. § 552(f). It does not fall under any exception to the statutory definition of an agency within the meaning of FOIA. *See* 5 U.S.C. § 551(1). ICE is responsible for the criminal and civil enforcement of immigration laws, including the detention and removal of immigrants. ICE has custody and control of the specific agency records requested by Plaintiff.

7. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

8. Defendant ICE has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). Plaintiff is therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTUAL ALLEGATIONS

9. On October 10, 2025, Plaintiff submitted a FOIA request online. See: Exhibit A, *Request Description*. ICE assigned case number **2026-ICFO-01222** to the request.

10. The information Plaintiff requested in this FOIA relates to ICE's detention and removal of Iranian nationals.

11. Defendant has not provided Plaintiff with any additional updates or estimated timeline for completion.

12. It has now been **22 business days** since Defendant received the FOIA request.

13. Under FOIA, Defendant had twenty days to respond to Plaintiff's request. Despite the statutory timeline, the significant public interest of this request, Defendant has yet to provide a response.

14. Plaintiff now files this suit to order Defendant to undertake an adequate search and produce responsive records without delay. In so doing, Plaintiff intends to use this information to provide the public clarity regarding ICE's detention and removal of Iranian nationals. Plaintiff's goal is to promote transparency and accountability.

## CLAIM FOR RELIEF

**Violation of FOIA**
**(Failure to Provide Timely Response to FOIA Request)**

15. Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

16. Defendant is an agency subject to FOIA. Therefore, it is obligated to "promptly" release, in response to a FOIA request, any disclosable records in its possession at the time of the request. *See* 5 U.S.C. § 552(a)(3).

17. Defendant is permitted to withhold record or parts of records only if one of the enumerated FOIA exemptions apply. Defendant must provide a lawful reason for withholding any other materials as to which it is claiming an exemption. *See* 5 U.S.C. § 552(b).

18. No exemptions permit the withholding of the record sought by the Request.

19. FOIA requires that agencies respond to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A).

20. Under 5 U.S.C. § 552(a)(6)(A)(i), Defendant must decide within 20 days of a request whether the agency will produce responsive documents.

21. An extension of this timeline is permitted only "[i]n unusual circumstances" where the agency provides "written notice." Such notices allow the agency to extend the response deadline for ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i): *see also, e.g., Hajro v. U.S. Citizenship & Immigration Servs.*, 881 F. 3d 1086, 1092 (9th Cir. 2016) ("The statutory time limits require an agency to determine within twenty days whether to comply with a FOIA request or, in the alternative, notify the requester of any 'unusual circumstances' requiring an extension in responding to the request.").

22. In this case, 22 business days have elapsed without a substantive reply or update from Defendant.

23. Defendant failed to demonstrate why Plaintiff's request for electronic records from a government agency is unusual. Defendant also fails to demonstrate that their delay is permissible or lawful.

24. Defendant ICE has failed to meet the statutory deadlines set by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)-(B). In fact, Defendant has not meaningfully acknowledged that they are taking the request seriously. Plaintiff is therefore deemed to have exhausted all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

25. Therefore, Plaintiff is entitled to an order compelling Defendant to produce the records responsive to the Request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grants the following relief:

a.  Assume jurisdiction over this matter;

b.  Declare that the records sought by the Request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

c.  Order Defendant to undertake an adequate search for the requested record and provide all responsive records and corresponding documents to Plaintiff's FOIA request within 20 business days of the Court's order;

d.  Award Plaintiff attorney's fees and costs, as expressly permitted by FOIA under 5 U.S.C. § 552(a)(4)(E) and on any other basis justified under the law; and

e.  Grant any other or further relief that this Court deems just and proper.

Dated: November 13, 2025

*/s/ Curtis Lee Morrison*
Curtis Lee Morrison

**RED EAGLE LAW, L.C.**
5256 S. Mission Road,
Suite 135
Bonsall, CA 92003
curtis@redeaglelaw.com
Phone: 714-661-3446

*Attorney for Plaintiff*